NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZOE MANCE, on behalf of herself and all others similarly situated : <br><br> Plaintiff, <br><br> v. <br><br> QUEST DIAGNOSTICS INCORPORATED VOLUNTARY SEPERATION PLAN, AND QUEST DIAGNOSTICS INCOROPRATED, as PLAN ADMINISTRATOR, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 2:12-cv-07361 (DMC)(MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Defendants Quest Diagnostics Incorporated Voluntary Separation Plan ("VSA Plan"), and Quest Diagnostics Incorporated, as Plan Administrator ("Quest") (collectively "Defendants") to dismiss the Complaint of Zoe Mance ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion is **granted**.

I.      **BACKGROUND**[1]

Plaintiff began working at Quest on November 18, 2002 as a member of its sales force. She later became a District Sales Manager in the Physician Sales Organization until she was

---

[1] The facts from this section are taken from the parties' pleadings.

involuntarily terminated on September 12, 2009. Plaintiff alleges that Quest has a longstanding, company-wide pattern and practice of providing severance benefits through its VSA Plan to qualified employees with job titles of District Sales Manager or higher as an alternative to being terminated or placed on a Performance Improvement Plan under its performance management policy. Plaintiff claims that the plan is administered in Madison, New Jersey and that the benefits must be approved by a local human resources manager, a business unit managing director or functional leader, a regional vice president, a regional sales vice president or corporate functional leader, and a human resources vice president. Plaintiff alleges that local human resources managers are responsible for collecting signatures necessary for approval and for completing an "Approvals Form," which provides the types of benefits that the employee is eligible for. Plaintiff claims that payments are made from Quest's general account, and she lists in her Complaint a number of employees who were offered benefits, as well as a number of employees who were not approved for benefits.

Plaintiff alleges that she was eligible to receive benefits under the VSA Plan because she was subject to Quest's performance manage policy and was an employee who management intended to terminate for poor performance. She claims that the VSA Plan qualifies as an employment benefit plan under the Employment Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1102 and that the decision to deny her benefits is a violation of ERISA § 1132(a)(1)(B).

Plaintiff filed the instant complaint against Defendants on November 30, 2012 on behalf of herself and other similarly situated former employees of Quest ("Compl.," ECF No. 1). Defendants filed this Motion to Dismiss on Februrary 6, 2013 ("Def.'s Mot.," ECF No. 12). Plaintiffs filed a Brief in Opposition on March 4, 2013 ("Pl.'s Opp'n," ECF No. 19). Defendants

filed a Reply Brief on March 11, 2013 ("Def.'s Reply," ECF No. 20).

## II.     STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III.    DISCUSSION

To bring a claim under ERISA, a plaintiff must have statutory standing. Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 74 (3d Cir. 2011). Under § 502(a) of ERISA, "only 'a participant or beneficiary' [can] institute a civil action for benefits against a plan administrator." Id. (quoting 29 U.S.C. § 1132(a)). In analyzing whether a plaintiff has standing

under ERISA, the Third Circuit uses a "zone of interests" analysis, which asks whether the plaintiff's complaint falls into the zone of interests protected by the statute. Id. at 74-75. In the context of claims to benefits, the inquiry is "inexorably tied to the question of whether a plaintiff can meet the definitions of either a participant or a beneficiary." Id. at 75 (quoting Miller v. Rite-Aid Corp., 334 F.3d 335, 340-41 (3rd Cir. 2003)). A participant is defined under ERISA as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7). A beneficiary is defined as "a person designed by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). A plaintiff who claims to be a participant or beneficiary must show that he has a colorable claim in a suit to recover benefits. Leuthner v. Blue Cross and Blue Shield of Northeastern Pennsylvania, 454 F.3d 120, 124 (3rd Cir. 2006). An employee who "might have" become eligible under an ERISA plan but who never actually became eligible does not have standing. See Miller, 334 F.3d at 342 (dismissing the plaintiff's claim because he resigned from his employment and the terms of his employer's benefits plan required him to be laid off in order to receive benefits). However, the Third Circuit has stated that "[a] plan administrator's alleged ERISA violation should not be the means by which the plan is able to insulate itself from suits arising from the alleged violation." Leuthner, 454 F.3d at 129. Therefore, if an employee claims that his employer's wrongdoing deprived him of his status as a participant or beneficiary, he has standing if he can show that "he would still be [a participant or beneficiary] but for the alleged malfeasance of a plan fiduciary." Id.

In the present case, Plaintiff claims that benefits under the VSA plan were offered to Quest employees "in exchange for voluntary termination" (Compl. ¶ 12). However, Plaintiff also

admits that she was involuntarily terminated (Compl. ¶ 6). Nonetheless, Plaintiff contends that she is entitled to benefits because she "was eligible for benefits under Quest's VSA Plan, but did not receive the benefits because Defendants decided not to offer them to her and terminated her employment instead" (Pl.'s Opp'n at 18). Although Plaintiff argues that she is not subject to the "but for" test set out in Leuthner, she admits in her Complaint that benefits were only available to employees who were voluntarily terminated. Therefore, she is essentially arguing that she *would have* been a beneficiary, but she was deprived of this opportunity because she was involuntarily terminated instead of offered voluntary termination in exchange for benefits. Thus, Plaintiff must show that she would have been a beneficiary "but for" the malfeasance of a plan fiduciary at Quest. Plaintiff has made no allegation of a breach of fiduciary duty, and therefore her claim must be dismissed for lack of standing.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. An appropriate order follows this Opinion.

*[signature]*
Dennis M. Cavanaugh, U.S.D.J.

Date:         September 11, 2013
Original:    Clerk's Office
cc:            Hon. Joseph A. Dickson, U.S.M.J.
                All Counsel of Record
                File